United States District Court
For the Northern District of California

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

OAKLAND DIVISION

TONY RAY NIX,

    Petitioner,

vs.

G. D. LEWIS, Warden,

    Respondent.
                                        /

No. C 10-5945 PJH (PR)

**ORDER OF DISMISSAL**

      Petitioner, a California prisoner currently incarcerated at Pelican Bay State Prison, has filed a pro se petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254.  He also seeks to proceed in forma pauperis pursuant to 28 U.S.C. § 1915, and has moved for appointment of counsel.

      Venue is proper in this district because the conviction was obtained in Contra Costa County, which is in this district.  28 U.S.C. § 2241(d).

## BACKGROUND

      In trial court, petitioner and a codefendant litigated and lost the Fourth Amendment claims that are the subject of this habeas petition.  Petitioner then pleaded no contest to second degree murder, *see* Cal. Penal Code § 187; and attempted second degree robbery, *see id.* §§ 211, 212.5(c), 664; and admitted personal use of a firearm in the commission of the homicide, *see id.* § 12022.53.  He was sentenced to prison for twenty-five years to life.

      Petitioner appealed the conviction, raising only the Fourth Amendment claims raised here.  The California Court of Appeal affirmed as to him; it reversed and remanded on a sentencing issue as to his co-appellant.  *See People v. Algere*, 2009 WL 2973532, *1 (Cal. Ct. App. Sept. 17, 2009).  Petitioner says in the petition that he has not filed any state

habeas petitions.

## DISCUSSION

### A. Standard of Review

A district court may entertain a petition for writ of habeas corpus "in behalf of a person in custody pursuant to the judgment of a State court only on the ground that he is in custody in violation of the Constitution or laws or treaties of the United States." 28 U.S.C. § 2254(a); *Rose v. Hodges*, 423 U.S. 19, 21 (1975). Habeas corpus petitions must meet heightened pleading requirements. *McFarland v. Scott,* 512 U.S. 849, 856 (1994). An application for a federal writ of habeas corpus filed by a prisoner who is in state custody pursuant to a judgment of a state court must "specify all the grounds for relief which are available to the petitioner ... and shall set forth in summary form the facts supporting each of the grounds thus specified." Rule 2(c) of the Rules Governing § 2254 Cases, 28 U.S.C. foll. § 2254. "'[N]otice' pleading is not sufficient, for the petition is expected to state facts that point to a 'real possibility of constitutional error.'" Rule 4 Advisory Committee Notes (quoting *Aubut v. Maine*, 431 F.2d 688, 689 (1st Cir. 1970). "Habeas petitions which appear on their face to be legally insufficient are subject to summary dismissal." *Calderon v. United States Dist. Court (Nicolaus)*, 98 F.3d 1102, 1108 (9th Cir. 1996) (Schroeder, J., concurring).

### B. Legal Claims

Plaintiff presents four claims: (1) that failure to record the telephoned search warrant application violated his Fourth Amendment and due process rights; (2) there was no probable cause for issuance of the warrant when the application contained double hearsay with no indication that the original declarants were reliable; (3) under California law, the trial court erred in not imputing to the officer applying for the warrant all information known to the police department, including information derogatory to issuance of the warrant, and as a consequence erred in not suppressing the evidence seized pursuant to the warrant; and (4) his Fourth Amendment and due process rights were violated when the trial court failed to hold a hearing to test whether the confidential informant actually gave the statement

attributed to him or her.

*Stone v. Powell*, 428 U.S. 465, 481-82, 494 (1976), bars federal habeas review of Fourth Amendment claims unless the state did not provide an opportunity for full and fair litigation of those claims. Here, the trial court held an extensive evidentiary hearing on defendants' motions to quash the warrant and to suppress the evidence seized pursuant to it. *People v. Algere*, 2009 WL 2973532 at *1-*7. It thus is clear that petitioner had an opportunity for a full and fair hearing on his Fourth Amendment claims, and that *Stone v. Powell* bars them.

In addition to his Fourth Amendment claims, petitioner contends in his first issue that the failure to record the telephone application for a search warrant (apparently the call was supposed to be recorded but for some reason the recording failed) violated not only his Fourth Amendment rights but also his due process rights. Petitioner provides no explanation of the due process element of the claim, but because it is not a Fourth Amendment claim, arguably it is not barred by *Stone v. Powell*. There is, however, no United States Supreme Court authority holding that due process requires that a telephoned search warrant application be recorded, so that claim could not be the basis for habeas relief here, and thus must be denied. *See* 28 U.S.C. § 2254(d) (habeas relief available only if state court decision was contrary to, or an unreasonable application of, clearly-established United States Supreme Court authority).

All of petitioner's claims being without merit as a matter of law, the petition will be denied.

## C. Certificate of Appealability

The federal rules governing habeas cases brought by state prisoners require a district court that denies a habeas petition to grant or deny a certificate of appealability in the ruling. *See* Rule 11(a), Rules Governing § 2254 Cases, 28 U.S.C. foll. § 2254.

A petitioner may not appeal a final order in a federal habeas corpus proceeding without first obtaining a certificate of appealability (formerly known as a certificate of probable cause to appeal). *See* 28 U.S.C. § 2253(c); Fed. R. App. P. 22(b). A judge shall

grant a certificate of appealability "only if the applicant has made a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). The certificate must indicate which issues satisfy this standard. *See id.* § 2253(c)(3). "Where a district court has rejected the constitutional claims on the merits, the showing required to satisfy § 2253(c) is straightforward: the petitioner must demonstrate that reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong." *Slack v. McDaniel*, 529 U.S. 473, 484 (2000).

This was not a close case. For the reasons set out above, jurists of reason would not find the result debatable or wrong. A certificate of appealability will be denied. Petitioner is advised that he may not appeal the denial of a COA, but he may ask the court of appeals to issue a COA under Rule 22 of the Federal Rules of Appellate Procedure. *See* Rule 11(a), Rules Governing § 2254 Cases.

## CONCLUSION

Petitioner's motion for leave to proceed in forma pauperis (document number 5 on the docket) is **GRANTED**. For the foregoing reasons, the petition is **DENIED**. *See* Rule 4, Rules Governing Section 2254 Cases, 28 U.S.C. foll. § 2254. Petitioner's motion for appointment of counsel (document number 6 on the docket) is **DENIED** as moot.

The clerk shall close the file.

**IT IS SO ORDERED.**

Dated: July 13, 2011.

PHYLLIS J. HAMILTON
United States District Judge

P:\PRO-SE\PJH\ORDERS\HC\NIX5945.DSM.wpd